Caruthers, J.,
delivered the opinion of the Court.
This is an action of trespass upon land, brought by John McGhee against the plaintiff in error. Pending *129 the suit the plaintiff died, and the suit was revived in the name of defendants in error, as his executors. The main object of the suit was to try the boundary, but the gravamen of course was the trespass to the land, committed before the institution of the suit. The verdict and judgment were for the plaintiff, and defendants appealed in error to this Court.
1. It is assigned in error, that on the death of the plaintiff, the suit could not be revived 'in the name of his executors. This is allowed by the act of 1836, ch. 77, Car. & Nich., 68, in all civil actions, “whether founded on wrongs or contracts,” excepting only those ' wrongs which “affect the person or character of the. plaintiff.” But, it is said that does not apply to cases where the plaintiff is one of several, who might, or should . jointly sue for injuries to the common property, as tenants in common; and that in such cases the revivor, if it can be allowed at all, must be in the names of the co-tenants. We think no such distinction exists. If the plaintiff could maintain the suit alone, if he had lived, his executors may carry it on after his death by revival. The amount due to the plaintiff as damages was a personal demand, and would go to the representatives, and not to the co-tenants or heirs.
2. It is insisted that the Court erred in charging that one tenant in common could sue alone for a trespass to the land. Upon this point there is a little confusion in the authorities. In 1 Chitty, 53, it is laid down that all must, be joined, and if not, defendant may plead in abatement, (2 Vin. Ab. 67; Com. Dig. Abatement F. 9,) and at page 65, “they *130 may join” as it would be unreasonable when the damage is thus entire to bring several actions for a single trespass, (Bac. Abridg. Joint Tenants, K. 2 Black. Rep. 1077, 5 Term. Rep. 247,) In 13 John. Rep. 286, it is held that tenants in common must join in actions of trespass quare clausum fregit. But we have held at the present term in another case, that although it is required that all the tenants in common should join in any action for injuries to the land, yet advantage can only be taken of the non-joinder by plea in abatement, and if that be omitted, and the defendant plead in bar, the objection cannot be taken in any other form. It may, however, still be relied upon on the question of damages. The plaintiff can only recover his proportion of the damages, not that of his co-tenants, who do not join in the suit. It would raise a question of apportionment of damages before the jury, upon which they should have been charged by the Court, but as he was not requested to do so, the omission cannot be assigned for error.
3. The damages assessed by the jury was only one dollar, and it was moved to give the plaintiff no more costs than damages, which was properly refused. The act of 1829, ch. 1, Car. & Nich. 190, on that subject, does not include trespass for injury to land, but only applies to civil actions for assaults, batteries, malicious prosecutions and false imprisonments, where the damages do not “exceed the sum of five dollars.”
There is no error in the record ; let the judgment be affirmed.